1  JOSEPH H. HUNT
   Assistant Attorney General

2

3  JEAN LIN
   Special Counsel
   Civil Division

4

5  REBECCA M. KOPPLIN
   (CA Bar # 313970)
   BENJAMIN T. TAKEMOTO

6  (CA Bar # 308075)
   Trial Attorneys

7  United States Department of Justice
   Civil Division, Federal Programs Branch

8  P.O. Box 883, Ben Franklin Station
   Washington, DC 20044

9  Tel: (202) 532-4252
   Fax: (202) 616-8460

10 E-mail: benjamin.takemoto@usdoj.gov

11 *Attorneys for Defendants*

12          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
13          **SAN FRANCISCO DIVISION**

14

15 STATE OF CALIFORNIA,                  | Case No. 3:19-cv-2769-WHA

16                      Plaintiff,        | **DECLARATION OF BENJAMIN T.**
                                          | **TAKEMOTO IN SUPPORT OF**
17          v.                            | **DEFENDANTS' ADMINISTRATIVE**
                                          | **MOTION**
18

19 ALEX M. AZAR II, *in his official capacity as*   | Hon. William Alsup
   *Secretary of Health and Human Services*,        | Hearing: July 17, 2019, 8:00 a.m.
20 UNITED STATES DEPARTMENT OF                       |
   HEALTH AND HUMAN SERVICES, and                    | Phillip Burton Federal Building & United
21 DOES 1–100,                                       | States Courthouse, Courtroom 12, 19th
                                                      | Floor,
22                      Defendants.                   | 450 Golden Gate Ave., San Francisco, CA
                                                      | 94102
23

24

25

26

27

28

I, Benjamin T. Takemoto, declare as follows:

1. I am a trial attorney at the Federal Programs Branch of the Civil Division of the United States Department of Justice. I represent Defendants in this case.

2. The statements made herein are based on my personal knowledge and on information made available to me in the course of my representation of Defendants.

3. On June 14, 2019, one day after this case was related with two other cases in this district challenging the final rule titled Protecting Statutory Conscience Rights in Health Care; Delegations of Authority, 84 Fed. Reg. 23,170 (May 21, 2019) [hereinafter Final Rule], the Court issued an order setting a briefing schedule in which Defendants' opposition to Plaintiff's motion for a preliminary injunction was due on June 26, 2019.

4. The Department of Health and Human Services (HHS) has indicated to the undersigned that it will delay enforcement of the Final Rule until November 22, 2019.

5. In light of this delay, counsel for Defendants have sought to obtain a stipulation to hold Plaintiff's motion for a preliminary injunction in abeyance and to set the following summary judgment briefing schedule:

   a. HHS will lodge the administrative record on or before July 22, 2019.

   b. Plaintiff will move for summary judgment on or before September 5, 2019.

   c. Defendants will file their combined cross-motion for summary judgment and opposition by September 27, 2019.

   d. Plaintiff will file its combined reply and opposition by October 11, 2019.

   e. Defendants will file their reply by October 25, 2019.

6. Counsel for Plaintiff has indicated to the undersigned that Plaintiff does not consent to holding the motion for a preliminary injunction in abeyance or to the above schedule.

7. In light of Plaintiff's disagreement with the proposed schedule, Defendants request that the Court enter a similar schedule, more fully laid out in the accompanying motion, that reverses the order of the parties' summary judgment motions. Because this is a substantially similar proposal to the one that Plaintiff rejected and because of the impending opposition deadline, Defendants have not obtained Plaintiff's position on reversing the order of the summary judgment motions.

8. Prejudice would occur if the Court did not hold the preliminary injunction in abeyance and set the above schedule. Counsel for Defendants require more time to respond to Plaintiff's motion for a preliminary injunction because they have expended a significant amount of time in the past several weeks consulting both within the government concerning the delay and with Plaintiff as to the best course forward. A small team of three trial attorneys, each of whom is also assigned to other matters in active litigation, are handling the multiple cases in various jurisdictions challenging the Final Rule and which also have pending preliminary injunction motions. Defendants' proposed schedule would allow sufficient time to resolve this case on the merits before November 22, 2019.

9. If the Court holds the motion for a preliminary injunction in abeyance, it would render unnecessary the June 26, 2019 deadline for Defendants' opposition brief, the July 3, 2019 deadline for Plaintiff's reply brief, and the July 17, 2019 hearing.

10. In the alternative, Defendants have sought to obtain a stipulation to enlarge Defendants' time to respond to Plaintiff's motion for a preliminary injunction from June 26, 2019 to July 31, 2019.

11. Counsel for Plaintiffs have indicated to the undersigned that Plaintiff does not consent to Defendants' request for an enlargement of time.

12. Prejudice would occur if the Court did not enlarge time for the reasons stated above. In addition, the longer briefing schedule would permit Defendants to more thoroughly respond to Plaintiff's claims, including through a motion for summary judgment, which Defendants may file alongside their opposition to Plaintiff's motion for a preliminary injunction.

13. Enlarging Defendants' response deadline to July 31, 2019 would affect other deadlines in this case. Defendants' current June 26, 2019 deadline to respond would be enlarged. Furthermore, Plaintiff's July 3, 2019 reply deadline and the July 17, 2019 hearing would need to be enlarged as well.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2019.

/s/ *Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO