IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO, <br><br> Plaintiff, <br><br> v. <br><br> ALEX M. AZAR II, Secretary of U.S. Department of Health and Human Services; ROGER SERVERINO, Director, Office for Civil Rights, Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DOES 1-25, <br><br> Defendants. | No. C 19-02405 WHA <br> *Related to* <br> No. C 19-02769 WHA <br> No. C 19-02916 WHA <br><br><br><br> **ORDER RE DEFENDANTS' ADMINISTRATIVE MOTION TO ADJUST SCHEDULE** |

The Court has received defendants' request to hold in abeyance plaintiffs' motion for preliminary injunction and to set a briefing schedule for cross motions for summary judgment (Dkt. No. 50). The motion is principally based on defense counsel's representation to the Court that "HHS will delay enforcement of the HHS rule challenged in this case, Protecting Statutory Conscience Rights in Health Care; Delegations of Authority, 84 Fed. Reg. 23, 170 (May 21, 2018) [hereinafter Final Rule], until November 22, 2010" (Br. at 2).

In support, defense counsel swears, "The Department of Health and Human Services (HHS) has indicated to the undersigned that it will delay enforcement of the Final Rule until November 22, 2019" (Takemoto Decl. at ¶ 4).

The problem is that a mere indication HHS "will delay" enforcement of the rule until November 22 is not the same as an official postponement of the rule. Until there is an official postponement, counsel's and the agency's "indications" are too uncertain to rely on.

Accordingly, we will proceed with the motion for preliminary injunction until there is an official postponement.

Defendants are already in default with the existing briefing schedule. As such, this order gives defendants until **JULY 1, 2019 AT NOON** to file their opposition to the pending motion. The reply will be due **JULY 8, 2019 AT NOON.** The hearing will remain on **JULY 17, 2019 AT 8:00 A.M.**

Unfortunately, this extra time for the defendants will come out of the time the Court needs to review the materials. Counsel should have taken this into account before filing this half-baked administrative motion.

Defendants are admonished that nothing short of an official postponement of the final revised rule until a later fixed date will be sufficient to reactivate defendants' request for relief from the existing briefing schedule. Defendants should not gamble again on this possibility. Defendants must file their opposition. The administrative motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 27, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE