JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
MICHELLE R. BENNETT
Assistant Branch Director
Civil Division
REBECCA KOPPLIN
(California Bar No. 313970)
VINITA B. ANDRAPALLIYAL
BENJAMIN T. TAKEMOTO
(California Bar No. 308075)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Tel: (202) 514-3953
Fax: (202) 616-8470
E-mail: Rebecca.M.Kopplin@usdoj.gov
*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br>Plaintiff,<br>v.<br>ALEX M. AZAR II, *in his official capacity as Secretary of Health and Human Services, et al.*,<br>Defendants.<br>STATE OF CALIFORNIA, by and through ATTORNEY GENERAL XAVIER BECERRA,<br>Plaintiff<br>v.<br>ALEX M. AZAR, et al.,<br>Defendants.<br>COUNTY OF SANTA CLARA, et al.<br>Plaintiffs,<br>v.<br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br>Defendants. | Case Nos. 3:19-cv-2405-WHA<br>3:19-cv-2769-WHA<br>3:19-cv-2916-WHA<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUPPLEMENTARY REQUEST FOR JUDICIAL NOTICE PURSUANT TO LOCAL RULE 7-3(d)**<br><br>Judge: Hon. William H. Alsup |

Defendants' Opposition to Plaintiffs' Administrative Motion for Leave to File a Supplementary Request
for Judicial Notice Pursuant to Local Rule 7-3(d)
Nos. 19-cv-2405-WHA, 19-cv-2769-WHA, 19-cv-2916-WHA

Plaintiffs' motion for leave to file a request for judicial notice of the *State of New York* transcript should be denied.

Federal Rule of Evidence 201 permits a court to take judicial notice of adjudicative facts that are "not subject to reasonable dispute" because they are either (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] proper request for judicial notice includes identification of specific facts the court is requested to notice as true." *Segura v. Felker*, No. CIV S-08-2477 KJM P, 2010 WL 5313770, at *1 n.1 (E.D. Cal. Dec. 20, 2010), *aff'd sub nom. Segura v. McGuire*, 474 F. App'x 608 (9th Cir. 2012). A court need not take judicial notice of irrelevant facts, even if contained in otherwise noticeable documents. *See, e.g.*, *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

Plaintiffs have not met their burden of identifying any specific, relevant adjudicative facts in the 160-page rough transcript attached to their motion, and thus, their motion should be denied at the threshold. Moreover, even if Plaintiffs had attempted to identify specific facts for the court to consider noticing as true, their motion should still be denied for several reasons.

First, the proceeding in *State of New York* was an oral argument, not an evidentiary hearing. Thus, the transcript contains only arguments of counsel, not factual testimony. Rule 201 applies only to adjudicative facts, not legislative facts. Fed. R. Evid. 201(a). "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Whipple v. Mann Mortgage LLC*, 2013 WL 12131875 *1 (D. Mont. Sept. 17, 2013) (quoting advisory committee notes to Rule 201(a)). To the extent that Plaintiffs suggest this Court should take notice of the legal arguments made by counsel in the transcript or statements by the judge presiding over that proceeding, such arguments and statements are not adjudicative facts in this case.

Second, the Court need not engage in any fact finding in this case to which any judicially noticed facts would be relevant. This case is brought under the Administrative Procedure Act (APA), and

"[g]enerally speaking, district courts reviewing agency action under the APA's arbitrary and capricious standard do not resolve factual issues, but operate instead as appellate courts resolving legal questions." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1096 (D.C. Cir. 1996) (citations omitted). Likewise, as Defendants previously explained, review in this case should be limited to the administrative record, not some new factual record made in the reviewing court. 5 U.S.C. § 706; *see also Cty. of Fresno v. Azar*, 384 F. Supp. 3d 1164, 1172–73 (E.D. Cal. 2019) (citing *Cnty. of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999)).

Furthermore, even if the transcript contained testimony regarding facts, as opposed to the arguments of counsel (which it does not), the transcript could not be judicially noticed for the truth of any facts stated therein. When a court takes judicial notice of a transcript, it may not take judicial notice of "the facts asserted therein or the court's expressions reflected in the transcript." *Colonies Partners LP v. Cty. of San Bernardino*, No. EDCV18420JGBSHKX, 2018 WL 6074577, at *1 n.2 (C.D. Cal. July 12, 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)); *see also M/V Am. Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983) (stating the general rule that "a court may not take judicial notice of proceedings or records in another cause so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it"). As a result, it is not clear what purpose judicial notice of the transcript would serve. The only fact it could reasonably establish is that an oral argument occurred in the *State of New York* case. But no one disputes that fact; nor is it relevant to this case.

Finally, although Plaintiffs style their motion as one under Civil Local Rule 7-3(d), they do not seek to submit either an objection to reply evidence, Civil Local Rule 7-3(d)(1), or a relevant judicial opinion, Civil Local Rule 7-3(d)(2), and the relevance of this provision is thus unclear.

For these reasons, Plaintiffs' motion should be denied.

Dated: October 29, 2019                          Respectfully Submitted,

                                                                             JOSEPH H. HUNT
                                                                             Assistant Attorney General

Defendants' Opposition to Plaintiffs' Administrative Motion for Leave to File a Supplementary Request
for Judicial Notice Pursuant to Local Rule 7-3(d)
Nos. 19-cv-2405-WHA, 19-cv-2769-WHA, 19-cv-2916-WHA
2

| | |
|---|---|
| 1 | MICHELLE R. BENNETT |
| | Assistant Branch Director |
| 2 | |
| 3 | /s/ *Rebecca M. Kopplin* |
| | REBECCA KOPPLIN |
| 4 | (California Bar No. 313970) |
| | VINITA B. ANDRAPALLIYAL |
| 5 | BENJAMIN T. TAKEMOTO |
| | (California Bar No. 308075) |
| 6 | Trial Attorneys |
| | United States Department of Justice |
| 7 | Civil Division, Federal Programs Branch |
| | 1100 L Street, NW |
| 8 | Washington, DC 20005 |
| 9 | Tel: (202) 514-3953 |
| | Fax: (202) 616-8470 |
| 10 | E-mail: Rebecca.M.Kopplin@usdoj.gov |
| 11 | |
| | *Counsel for Defendants* |

Defendants' Opposition to Plaintiffs' Administrative Motion for Leave to File a Supplementary Request for Judicial Notice Pursuant to Local Rule 7-3(d)
Nos. 19-cv-2405-WHA, 19-cv-2769-WHA, 19-cv-2916-WHA

3